UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JASMINE GAFFETT, et al.,

    Plaintiffs,

v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 21-cv-02881-RS

**ORDER GRANTING MOTION TO EXTEND DEADLINES**

Plaintiffs move to extend the deadline to amend the pleadings, which passed on May 2, 2022, and the deadline for fact discovery, currently set for June 30, 2022. They propose moving each by two months, to July 1, 2022, and August 30, 2022, respectively. The motion is suitable for decision without oral argument, so the hearing scheduled for June 9, 2022, is vacated per Local Rule 7-1(b). For the reasons set forth below, Plaintiffs' motion is granted.

This case concerns use of force by police at protests after the murder of George Floyd. Plaintiffs have been unable to complete their review of the over 1,000 hours of body-worn camera footage to identify which Doe Defendant officers fired less-than-lethal munitions at them. This is in part due to the voluminous amount of footage, which was turned over in February, and an attorney's health issues. (The attorneys are all at small firms with limited staffing.) The scheduling order has been modified only once before, by stipulation. That was done for several reasons, one of which was the volume of material.

A district court has "broad discretion" to grant or deny a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). Defendants argue Plaintiffs have not shown good

1    cause as required under Fed. R. Civ. P. 16. First, they argue Plaintiffs have not even shown they
2    will be able to name any specific Doe Defendants—however, in their reply, Plaintiffs affirm that
3    they have identified a specific deputy who shot at Plaintiff Toshua Sears. Further, in Defendants'
4    view, Plaintiffs created this problem by asking for too much footage, when they should have asked
5    for footage showing uses of force, or footage from the specific times and places where they were
6    injured (as opposed to all footage from the protests on each day). Finally, they argue Plaintiffs
7    should have been able to target their review based on use of force reports, and that the healthy co-
8    counsel could have done so.

9    　　　　Plaintiffs respond that the use of force reports are of little help, as they identify the target
10   of the use of force, and as officers were firing at people in crowds, and because at least one
11   Plaintiff was not wearing distinctive clothing, these reports do not help narrow down which
12   officers may have shot at them. Finally, Plaintiffs' counsel's health issues have unfortunately not
13   improved, but rather seem to have worsened, as surgery is being scheduled, which was not
14   foreseeable.

15   　　　　The conduct of Plaintiffs' counsel has not been the model of diligence. Beyond the issues
16   described above, Plaintiffs initially stated they had not received use of force reports until shortly
17   before filing this motion, before retracting that statement and admitting they had received them but
18   not logged the receipt. Plaintiffs also filed this motion on the day of the deadline they sought to
19   amend, and have not noticed any depositions of Defendants.

20   　　　　Nonetheless, Plaintiffs are correct that in this situation a broad review of the video was
21   helpful to their case. Beyond that, one of the lead counsel having serious health issues during this
22   time, on a small team, is a good reason for delay. Still, they have been diligent enough to excuse
23   their not meeting the deadlines in this case. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604
24   (9th Cir. 1992). Further, Defendants will not be prejudiced by a short two-month extension.
25   However, Defendants' arguments are more likely to carry the day if further amendment is sought
26   without exceedingly persuasive evidence of diligence from Plaintiffs.

27
28

1   **IT IS SO ORDERED**.

3   Dated: June 2, 2022

_____
RICHARD SEEBORG
Chief United States District Judge